THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| JOSE GILARDO SOTO-MOYA, | ) | Case No.    2:14CV00710 DS |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM DECISION |
| | | AND ORDER |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

On September 30, 2014, Petitioner Jose Gilardo Soto-Moya, pursuant to 28 U.S.C. § 2255, filed a Motion to Vacate, Set Aside or Correct his Sentence.  In response the United States has moved to Dismiss Petitioner's Motion because the Court lacks jurisdiction to grant the requested relief.  For the reasons that follow, the Motion of the United States to Dismiss is granted.

On November 16, 2011, Petitioner was sentenced to 18 months confinement followed by 12 months of supervised release.  Judgement was entered on November 29, 2011.  Petitioner did not file an appeal.  Petitioner served his custodial sentence. And on March 4, 2013, he was released directly to Immigration and Customs Enforcement on a detainer pending deportation.

The United States contends that Petitioner's 12 month term of supervised release ended on March 3, 2014, prior to the filing of his 2255 motion and that because he is no longer in custody the court is without jurisdiction.  Petitioner, on the other hand, contends that his term of supervised release did not begin until October 1, 2013, as reflected in a

Request and Order for Modifying Conditions of Supervision With Consent of the Offender signed by the Court on October 7, 2013.[1]

The custody element of a § 2255 petition is jurisdictional.  *See*  28 U.S.C. § 2255 (a prisoner in custody may move the sentencing court to vacate set aside or correct an illegal or constitutionally deficient sentence).  *See also United States v. Robles*, 546 Fed. Appx. 751,754 n.3 (10th Cir. 2013)("§ 2255 petition only permits claims by those 'in custody under sentence of a court established by Act of Congress.' § 2255 (a)").   A petitioner who is serving a term of supervised release remains in custody for purposes of section 2255.  *United States v. Estrada*, 580 Fed. Appx. 672, 673 (10th Cir. 2014).

"The term of supervised release commences on the day the person is released from imprisonment...".  18 U.S.C. § 3624(e).  Petitioner was released by BOP to ICE on March 4, 2013.  Under appropriate circumstances a term of supervised release may be tolled.  *See Id.* ("[a] term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days").  As the United States notes, however, there is no tolling involved here because "after serving the prison term related to his criminal conviction, the petitioner was taken into administrative immigration custody for deportation proceedings.   He was not imprisoned on another criminal conviction."  Mem. Supp. at 3.  The United States, therefore, asserts that Petitioner's term

---

[1] Although the Request and Order for Modifying Conditions of Supervision prepared for the Court's signature which was affixed on  October 7, 2013, reflects that supervision began October 1, 2013, the Court, as discussed herein, must conclude that date is erroneous and that Petitioner's term of supervision began on March 4, 2013, and ended on March  3, 2014.

of supervised release was not tolled and he cannot meet the in custody jurisdictional requirement of § 2255.

A person held on an ICE detainer is not is custody for purposes of habeas corpus purposes. *See , e.g., Broomes v. Ashcroft*, 358 F.3d 1251, 1254 (10th Cir. 2004)(petitioner whose state sentence had expired and who was  in ICE custody was not "in custody" for purposes of review of state conviction under 'in custody' language of § 2254 which is jurisdictional and requires habeas petitioners to be 'in custody' under the conviction or sentence under attack when they file the petition), *abrogated on other grounds, Padilla v. Kentucky*, 559 U.S. 356 (2010).  *See also, United States v. Garcia-Rodriguez*, 640 F.3d 129, 134 (5th Cir. 2011)(finding "administrative detention by ICE does not qualify as imprisonment and that, for purposes of 3624(e), [defendant] was 'released from imprisonment' the moment he was transferred from BOP custody to Ice custody to await deportation).

The Court, therefore, agrees with the United States that Petitioner's term of supervised release began on March 4, 2013, the day he was released from prison, and that his detention by ICE did not toll the running of his term of supervised release which ended on March 3, 2014, some 12 months later.  Because Petitioner did not file his § 2255 Motion until September 30, 2014,  some months after his term of supervised ended, Petitioner was no longer in custody for purposes of his 2255 Motion and the Court is without jurisdiction

to hear it.  Accordingly, the Motion to Dismiss of the United States (Doc. #4) is granted.

IT IS SO ORDERED.

DATED this 14th day of January, 2015.

BY THE COURT:


DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4